**Robert REICH, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**INTERSTATE BRANDS CORPORATION, a corporation, Defendant.**

No. 91–2345.

United States District Court, C.D. Illinois, Danville Division.

March 21, 1994.

Joan E. Gestrin, U.S. Dept. of Labor, Chicago, IL, for plaintiff.

Stuart H. Bompey, Orrick Herrington & Suttcliffe, New York City, for defendant.

## ORDER

BAKER, District Judge.

This suit was brought by the Department of Labor (DOL) seeking a permanent injunction to restrain Interstate Brands Corporation (IBC) from further violations of the Fair Labor Standards Act (FLSA). Both parties moved for summary judgment. The only issue in the case is whether "earned work credits" qualify as "other similar payments" under 29 U.S.C. § 207(e)(2), and, like the other payments described in that section, are exempt from calculation as part of the "regular rate" of pay, and therefore, the overtime rate of pay. In its most recent order,[1] the court determined that the interpretation of the statute urged by the DOL was plausible, but because that interpretation differed dramatically from the interpretation that appeared to have been in place prior to this litigation, the DOL was ordered to provide a "reasoned analysis" for its change in interpretation, based on the requirement in *Rust v. Sullivan*, 500 U.S. 173, 186, 111 S.Ct. 1759, 1769, 114 L.Ed.2d 233 (1991). The DOL has put forward a sufficient analysis and the court now grants summary judgment in favor of the plaintiff, the DOL.

\* \* \* \* \* \*

In directing the DOL to show a reasoned analysis for its change in interpretation of the statute, the court referred to three cases in which the Supreme Court had

---

1. See Order, Docket # 23, September 15, 1993

required just such an explanation. *Rust,* 500 U.S. 173, 111 S.Ct. 1759; *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); and *Motor Vehicle Association of United States v. State Farm Mutual Auto Insurance Co.,* 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). The DOL accurately makes the point that each of these cases is a rulemaking case, where a new regulation has been promulgated, and the new regulation differs dramatically from the previous rule. However, the basis for requiring an agency to provide a reasoned analysis is a protection against arbitrariness on the part of the agency. As stated in the court's previous order, there are many valid reasons for allowing agencies the flexibility to change their policies. But no reason, or a bad faith reason for change would not be sufficient. Thus, an agency must provide a reasoned analysis to the public when it changes a policy as a protection to the public against arbitrary or bad faith acts on the part of the agency.

■ Admittedly, the cases in which this requirement has been applied have been cases where a new regulation has been promulgated. However, the court finds that the case of a new interpretation of an existing regulation, as happened with IBC and DOL, provides an equally compelling need for an explanation for the agency's change of mind. In the case of promulgation of a new rule, notice is provided in the Federal Register. Public hearings are held, and private parties have ample opportunity not only to become aware of the proposed changes, but to participate in the process of developing the new regulations.

In contrast, when an agency suddenly adopts a dramatically different interpretation of an existing rule, the agency does not have to provide anyone with notice or an opportunity to be heard. Requiring a reasoned analysis for change of an established longstanding interpretation of a rule can only have a salutary effect for all those affected by the rule. Therefore, the court now holds that when an agency changes its interpretation of an established regulation, it must provide a reasoned analysis for the change.

■ The DOL argues that it has not changed its position regarding the earned work credits as "other similar payments" under 29 U.S.C. § 207(e)(2), and in fact submits an affidavit by the Administrator of the Wage and Hour Division, Employment Standards Administration of the United States Department of Labor, affirming that the position of the DOL has always been not to include earned work credits under the definition of "other similar payments." However, if this has always been the interpretation of the DOL, that interpretation has not been apparent to the rest of the baking industry.

According to the IBC, virtually all of the collective bargaining agreements in the baking industry since 1972, covering nearly 30,-000 baking employees nationwide, have included provisions allowing for the exemption of earned work credits from the calculation of the regular rate, and thus the overtime rate, of compensation for workers in the industry. IBC also states that the DOL audited IBC and other bakeries numerous times over the past two decades, yet never challenged the earned work credit practice.

The court finds that the DOL's claims of consistent interpretation of 29 U.S.C. § 207(e)(2) over the years are incredible. Twenty years of oversight of the baking industry by the DOL was more than adequate time for the DOL to make clear its position on earned work credits. The DOL argues that the onus was on the baking industry to seek a formal opinion from the DOL on the status of earned work credits in the calculation of pay. Surely the abandonment by the DOL of early litigation on the issue, followed by twenty years of audits, which without exception allowed the practice to continue, would be sufficient affirmation for any industry that their accounting practices were acceptable. Consequently, the court finds that the interpretation urged by the DOL that earned work credits must be included in the calculation of the regular rate of pay is indeed a change in interpretation by the DOL.

■ Now the court must consider the reasons given by the DOL for this change in interpretation, and determine whether those reasons are sufficient justification for the change in policy. The DOL argues further

or in the alternative that if there has been a change, the purpose of the change has been to make the actions of the DOL "consistent with the purposes and language of the Act and the applicable provisions of the Bulletin." (Docket # 27, Plaintiff's Memorandum in Support of Motion for Reconsideration at 11). The DOL argues that earned work credits are a regular and recurring form of remuneration for work performed, and therefore are not the type of payment intended for exclusion from the regular base rate of pay as suggested by the purposes of the statute.

The court concludes that the DOL has managed to cross the threshold of providing a justification for its change in policy and procedure. Saying "this interpretation is the most consistent with the statute" does not speak well for an agency which has had over two decades to enforce this regulation but admits to "a discretionary course of relative inaction." (Plaintiff's Memorandum at 11). Despite the traditional deference to an agency's interpretation of its own regulations, and the right of an agency to change its own regulations, the fact that an agency has declined to enforce a regulation for over twenty years and suddenly decides to enforce it puts a tremendous burden on industries attempting to act within agency guidelines.

Nonetheless, the court acknowledges that attempting to enforce an interpretation of a regulation which is consistent with the purposes of the statute is a valid reason for a change in interpretation on the agency's part. The court is further persuaded by the facts that the new interpretation urged by the DOL is not unreasonable and that the relief sought by the agency in this case is only prospective in nature.

Consequently, because the court finds that the DOL has provided a sufficient justification for its change in interpretation of 29 U.S.C. § 207(e)(2), the court now grants summary judgment in favor of the plaintiff, the Department of Labor.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment (Docket # 11) is GRANTED.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment (Docket # 20) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for reconsideration (Docket # 26) is DENIED as moot. The clerk shall enter a final judgment in accordance with this order.